UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Crim. No. 18-18(2) (DWF/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MOTION TO DISMISS BASED ON** |
| ) | **DUE PROCESS AND VAGUENESS** |
| AMOS KIPROP KOECH, ) | |
| ) | |
| Defendant. ) | |

## I. Introduction

Defendant Amos Koech moves to dismiss the government's charges against him, pursuant to Fed. R. Crim. P. 12(b)(3) and for the reasons discussed below.

## II. Background

The government has charged Mr. Koech with Conspiracy to Commit Sex Trafficking of a Minor (Count 1), and Sex Trafficking of a Minor (Count 4), in violation of 18 U.S.C. §§ 1591 & 1594. (ECF 1). It is alleged that Mr. Koech engaged in a "commercial sex act" while "knowing and in reckless disregard for the fact and having had a reasonable opportunity to observe [the complainant] had not attained the age of 18 years." (ECF 1 at 1 & 3).

Co-defendant Andre Mathis has been charged with violations of these same statutes, and by identical operative language with respect to the complainant's age. (ECF 1). His counsel recently filed a Motion to Dismiss, averring that the government's charges fail to pass muster under the United States Constitution. (ECF 80). In particular, Mr. Mathis

1

maintains that the "reasonable opportunity to observe" aspect of the charges violates the Due Process Clause of the Fifth Amendment in a number of ways. (ECF 80). Mr. Koech wholeheartedly agrees, and joins the motion of his co-defendant in all respects, and submits this memorandum to supplement the arguments raised by co-counsel.

**III.     Discussion**

Defendant Amos Koech moves to dismiss the government's charges against him on a number of grounds, all involving the statute's required *mens rea* element. Section 1591 penalizes a list of acts relating to "commercial" sexual activity with individuals under the age of 18 years. Thus, the complainant's age constitutes an essential element of the charged offense—both with respect to the complainant's actual age at the time of the operative events, and with respect to the contemporaneous *mens rea* of the accused. The statute veers into a realm of confusion by offering three separate and entirely different *mens rea* standards, proscribing the above acts while: (1) "knowing" the complainant was under age 18; or (2) "in reckless disregard of the fact" the complaint was under age 18; or (3) situations "in which the defendant had a reasonable opportunity to observe" the complainant. 18 U.S.C. § 1591(a) & (c).

The first two options offer familiar *mens rea* formulations, while the last constitutes a form of strict liability, effectively writing the age requirement out of the statute. *See, e.g., United States v. Copeland*, 820 F.3d 809, 813 (5th Cir. 2016); *United States v. Paul*, 885 F.3d 1099, 1101 (8th Cir. 2018) ("The government need not prove 'the defendant knew that the person had not attained the age of 18 years' if the defendant 'had a reasonable opportunity to observe' the victim.") (citation omitted). Strict liability of this sort is

disfavored in the criminal law, *United States v. U.S. Gypsum Co.*, 438 U.S. 422, 437-38 (1978), and may violate the Due Process Clause under certain circumstances. *Lambert v. California*, 355 U.S. 225, 228-30 (1957). Knowledge as to the victim's age had for long been either an element or a recognized defense in cases involving commercial sex acts involving minors, s*ee, e.g.,* 18 U.S.C. § 2423(g) (statutory defense to offense of transport of minors or travel for purposes of illicit sexual activity with minors; defense available when "defendant reasonably believed that the person with whom the defendant engaged in the commercial sex act had attained the age of 18 years"), but the legislature undercut that long standing defense in its most recent amendment, by imposing a form of strict liability as to the complainant's age, when "the defendant had a reasonable opportunity to observe . . . ." 18 U.S.C. § 1591(c). As co-defendant Mathis points out, that part of the statute cannot be squared with the required element of knowledge of the victim's age elsewhere in the statute, and the imposition of strict liability under these circumstances violates due process. (See ECF 80, pp. 7-9). In addition, a statute which imposes strict liability and carries a ten-year mandatory minimum would, under the circumstances here, be unconstitutional. *Cf. Staples v. U.S.*, 511 U.S. 600, 616-619 (1994) (requiring *mens rea* in federal weapons statute and strongly suggesting that strict liability in a statute that carried a ten year mandatory minimum sentencing provision would be unconstitutional). Moreover, the phrase "the defendant had a reasonable opportunity to observe" provides no standard at all and is void for vagueness.

    A.    **Void for Vagueness**

"To satisfy due process, a penal statute must define the criminal offense: (1) with

sufficient definiteness that ordinary people can understand what conduct is prohibited and (2) in a manner that does not encourage arbitrary and discriminatory enforcement." *Skilling v. United States*, 561 U.S. 358, 402-03 (2010) (citations and internal punctuation omitted). This is commonly known as the "void-for-vagueness doctrine." *Id.* The doctrine invalidates criminal statutes which, for example, impose liability based upon an "unascertainable standard," such that persons "of common intelligence must necessarily guess at its meaning." *Coates v. Cincinnati*, 402 U.S. 611, 614 (1971) (citations and punctuation omitted); *see also, e.g., Johnson v. United States*, 135 S. Ct. 2551, 2556 (2015) (government violates Due Process Clause void-for-vagueness doctrine "by taking away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, *or so standardless that it invites arbitrary enforcement*") (emphasis added).

The charged "reasonable opportunity to observe" provision is just such an "unascertainable standard," constitutionally invalid under the void-for-vagueness doctrine. As Defendant Mathis notes:

> [C]ertain men and women may well appear older than their age, while some may appear younger. The person "observed" may seem to be eighteen, when in reality he or she is only fifteen; or the young person may look to be fifteen and really be twenty-one. And who is to know the difference, and by the use of what data?

(ECF 80 at 9). A cogent point, to be sure. And one echoed by the Supreme Court in striking down a criminal ordinance which proscribed "conduct annoying to persons passing by." *Coates*, 402 U.S. at 612. That law was unconstitutionally void-for-vagueness, said the high court, because it subjected the public to an "unascertainable standard." *Id.* at 614. It boiled

4

down to this: "Conduct that annoys some people does not annoy others." *Id.*

By the same token, "reasonable opportunity to observe" fails to provide an ascertainable standard—for the general public, for law enforcement officials, and most especially for judicial fact-finders. What does it mean?

- Is the "reasonable opportunity" a week? A day? A minute?

- Does "observe" refer to a situation where a competent onlooker would be forced to conclude the complainant was under age 18? Or does it mean *any* visual perception of the complainant, even when the fairest conclusion would have been that the complainant was over age 18?

- What if the person concludes after a "reasonable opportunity to observe" that the individual is over 18?

Individual conclusions based on observation will vary, it goes without saying, and to a considerable degree. This state of affairs is not permissible under the void-for-vagueness doctrine, certainly not when a criminal statute carries a mandatory minimum sentence of ten years in prison. There must exist an ascertainable standard for the accused to follow, for the prosecutors to charge, and for a jury to decide. Since the requisite ascertainable standard is lacking here, the statute (as charged in the indictment here) is unconstitutionally void-for-vagueness, and the charges against Mr. Koech must be dismissed.

**B.     Section 1591 does not apply to mere customers such as Mr. Koech**

It is the defense position that 18 U.S.C. § 1591 does not apply to mere customers such as Mr. Koech and that *United States v. Jungers*, 702 F.3d 1066 (8th Cir. 2013), was

5

wrongfully decided. To preserve the issue for further review and do avoid any potential claim of waiver, defendant Koech notes his objection to being charged with commercial sex trafficking in a situation such as this where the government alleges he was nothing more than a customer (the evidence is undisputed that Mr. Koech was nothing more than a mere customer in this case). Accordingly, the indictment as to him should be dismissed.

## IV.   Conclusion

For all these reasons, Mr. Koech joins in the Motion to Dismiss of Defendant Mathis, and submits this separate motion to the same end.

Dated: July 17, 2018               Respectfully submitted,

*s/ Douglas Olson*

DOUGLAS OLSON
Attorney for Defendant
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415