**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Criminal No. 18-18(2) (DWF/LIB) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Amos Kiprop Koech, | |
| Defendant. | |

This matter is before the Court upon Defendant Amos Kiprop Koech's ("Defendant") objections (Doc. No. 100) to Magistrate Judge Leo I. Brisbois's July 17, 2018 Report and Recommendation (Doc. No. 93) insofar as it recommends that: (1) Defendant's Motion to Suppress Statements, Admissions, and Answers be denied; (2) Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure be denied; and (3) Defendant's Motion for Severance be denied without prejudice. The Government filed a response to Defendant's objections on August 8, 2018. (Doc. No. 110.)

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Plaintiff's and Defendant's objections.

## I. Report and Recommendation

The Report and Recommendation contains a thorough and detailed analysis of each of Defendant's three motions. First, Magistrate Judge Brisbois considered Defendant's motion to suppress statements he made during several interactions with law enforcement. In the Report and Recommendation, Magistrate Judge Brisbois concluded that: (1) the first July 15, 2017, encounter was not custodial, (Doc. No. 93 at 11); (2) the remaining July 15, 2017, encounters were not custodial, did not involve law enforcement interrogating Defendant, and did not involve Defendant giving any involuntary statements, (*id.* at 17); (3) the August 2 and September 11, 2017, encounters were not custodial, did not involve coercion by law enforcement, and did not involve Defendant giving any involuntary statements, (*id.* at 23, 25-28); and (4) the March 7, 2018, interview occurred only after Defendant freely, knowingly, and voluntarily waived his *Miranda* rights orally and in writing, (*id.* at 28). Accordingly, Magistrate Judge Brisbois recommended that Defendant's Motion to Suppress Statements, Admissions, and Answers (Doc. No. 50), be denied.

Second, Magistrate Judge Brisbois considered Defendant's challenges to four search warrants issued in the case. In the Report and Recommendation, Magistrate Judge Brisbois concluded that: (1) under the totality of the circumstances, the affidavits supporting the July 15, July 31, and September 7, 2017, search warrants present a fair probability that evidence of criminal activity would be found in the locations or devices at issue, (*id.* at 34, 37, 44); (2) the July 31, and September 7, 2017, search warrants are not unconstitutionally overbroad, (*id.* at 40, 44); and (3) Defendant lacks standing to

challenge the August 8, 2017, search warrant because Defendant failed to establish that he had any expectation of privacy in the cell phone identified in the warrant, (*id.* at 42). Magistrate Judge Brisbois therefore concluded that the warrants at issue were supported by probable cause and recommended that Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure (Doc. No. 51), be denied.

Finally, Magistrate Judge Brisbois concluded that Defendant's Motion for Severance (Doc. No. 52), is premature because Defendant merely speculates as to the evidence he anticipates the Government will attempt to introduce at trial. (Doc. No. 93 at 49-50.) Magistrate Judge Brisbois observed that Defendant does not argue that his defense is irreconcilable with Codefendant Mathis's defense, but that Defendant merely argues he will be prejudiced by evidence the Government may present against Codefendant Mathis. Magistrate Judge Brisbois noted that, if necessary, "the jury may be given limiting instructions at the appropriate time to ensure that evidence against Defendant Mathis in support of Count 2 is not improperly considered when deciding the charges against Defendant Koech" for Count 1. (*Id.* at 49.) Noting that circumstances may change, Magistrate Judge Brisbois concluded that Defendant may renew his motion to sever if subsequent events in the prosecution warrant it. (*Id.* at 49-50.) Consequently, Magistrate Judge Brisbois recommended that Defendant's Motion for Severance (Doc. No. 52), be denied without prejudice.

II. Analysis

Defendant objects to each conclusion in the Magistrate Judge's Report and Recommendation. First, Defendant objects to Magistrate Judge Brisbois's conclusions

3

regarding the search warrants, arguing that: (1) the affidavits supporting the search warrants lack a sufficient showing of probable cause; (2) the warrants do not establish a sufficient nexus between the criminal activity and the locations to be searched; and (3) each warrant is overly broad. (Doc. No. 100 at 1.) Second, Defendant argues that various statements he gave were made while he was in custody, were involuntary, and were given without Defendant being informed of his *Miranda* rights. (*Id.* at 2.) Finally, Defendant asks the Court to sever his case from Codefendant Mathis's case because there is an additional count against Mathis and because the Government will introduce evidence against Mathis that would prejudice Defendant. (*Id.*) Based on the foregoing, Defendant argues that the Court should reject Magistrate Judge Brisbois's findings and conclusions in the Report and Recommendation. The Court disagrees and adopts in full the Magistrate Judge's recommendations.

### A. Search Warrants

The Court concludes, as did the Magistrate Judge, that the information provided in the search-warrant affidavits was sufficient to support findings of probable cause. In the affidavit, law enforcement thoroughly detailed the minor victim's account of the sex-trafficking conspiracy, indicating that Codefendant Mathis used cell phones to arrange for her to have sex with a man named "Amos" in exchange for money, and that "Amos" took pictures of the minor victim using his cell phone. The same facts that establish probable cause also provide a sufficient nexus between the crimes alleged and Defendant's residence, cell phone, and DNA. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983); *United States v. Hudspeth*, 525 F.3d 667, 674 (8th Cir. 2008). Finally, the

warrants are not overbroad because the totality of the circumstances supports the search of Defendant's black Android cell phone, which was used for taking pictures of and arranging for sex with the minor victim, and Defendant's residence, where the Defendant had sex with the minor victim in exchange for money. Based on the foregoing, the Court denies Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure (Doc. No. [51]).

> **B.** **Statements**

The Court also concludes, as did the Magistrate Judge, that Defendant's encounters with law enforcement at his apartment were not custodial, and therefore not a seizure for Fourth Amendment purposes. Upon careful review of the evidence in the record, the Court finds that Defendant was not restrained and was free to move throughout his apartment and on the porch. Furthermore, the evidence does not show that law enforcement coerced, "strong-armed," and threatened Defendant in any way during their conversations. Moreover, during Defendant's longest encounter with law enforcement, Officer Pemrick refrained from asking questions regarding the alleged sex-trafficking conspiracy. Officer Pemrick's discussion with Defendant was not an interrogation for Fourth Amendment purposes; thus, law enforcement did not need to advise Defendant of his *Miranda* rights. *See United States v. Jones*, 842 F.3d 1077, 1082 (8th Cir. 2016) ("Interrogation, for *Miranda* purposes, means 'express questioning' and 'words or conduct that officers should know [are] 'reasonably likely to elicit an incriminating response from the suspect.") (citation omitted). Finally, the evidence shows that Defendant freely, knowingly, and voluntarily waived his *Miranda* rights

5

during the only encounter where he was in custody.  Based on the foregoing, the Court denies Defendant's Motion to Suppress Statements, Admissions, and Answers (Doc. No. [50]).

    **C.**    **Severance**

Finally, the Court concludes, as did the Magistrate Judge, that Defendant's motion to sever his trial from his codefendant's trial is premature.  The Government urges the Court to deny with prejudice Defendant's request for severance.  The Court agrees with Magistrate Judge Brisbois that severance is unnecessary at this time.  First, the counts in the indictment involve criminal conduct arising out of a single sex-trafficking conspiracy, which weighs in favor of a single trial.  *See* Fed. R. Crim. P. 8(b) (providing for a single trial where defendants "are alleged to have participated . . . in the same series of acts or transactions, constituting an offense or offenses").  Second, if the Government introduces evidence against Codefendant Mathis that would be prejudicial to Defendant, the Court may give the jury a limiting instruction to ensure that the jury does not improperly consider that evidence when deciding the charges against Defendant.  The Court therefore denies without prejudice Defendant's Motion for Severance (Doc. No. [52]).

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Defendant Amos Kiprop Koech's objections (Doc. No. [100]) to Magistrate Judge Leo I. Brisbois's July 17, 2018 Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Leo I. Brisbois's July 17, 2018 Report and Recommendation (Doc. No. [93]) is **ADOPTED**.

3. Defendant Amos Kiprop Koech's Motion to Suppress Statements, Admissions and Answers (Doc. No. [50]) is **DENIED**.

4. Defendant Amos Kiprop Koech's Motion to Suppress Evidence Obtained as a Result of Search and Seizure (Doc. No. [51]) is **DENIED**.

5. Defendant Amos Kiprop Koech's Motion for Severance (Doc. No. [52]) is **DENIED WITHOUT PREJUDICE**.

Dated: August 27, 2018         s/Donovan W. Frank
                               DONOVAN W. FRANK
                               United States District Judge