# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

United States of America,            Criminal No. 18-18(2) (DWF/LIB)

           Plaintiff,

v.            **ORDER**

Amos Kiprop Koech,

           Defendant.

## INTRODUCTION

This matter is before the Court pursuant to Defendant Amos Kiprop Koech's ("Defendant") Appeal and Motion for Revocation of Detention Order, (Doc. No. 103), which was entered by the Court on March 14, 2018. (Doc. No. 20.) The Government opposes Defendant's appeal of the motion for release asserting that there is no new information, change in circumstances, or other "exceptional" reasons for this Court to release Defendant. (Doc. No. 108.)

## BACKGROUND

On January 23, 2018, Defendant was charged by Indictment with Conspiracy to Commit Sex Trafficking of a Minor and Sex Trafficking of a Minor from on or about June 17 through on or about July 7, 2017. Sex trafficking of a minor carries a mandatory minimum sentence of 10 years to life and a rebuttable presumption of detention pursuant to 18 U.S.C. § 3142(e)(3)(E).

On May 12, 2018, a detention hearing was held. At that time the United States Probation and Pretrial Service Office had already prepared a bond report in advance of the detention hearing and was recommending detention based upon both Defendant's risk of nonappearance and risk of danger to the community. The Government continues to argue, as it did at the May 12, 2018 detention hearing, that given the rebuttable presumption of detention for the indicted offenses and the information provided in the pretrial services report, Defendant's detention should continue. These offenses include Defendant's extensive criminal history related to unaddressed alcohol abuse problems and driving while intoxicated offenses, as well as continued additional criminal conduct, while on supervision, including May of 2008, July 2010, and April of 2014. Moreover, there are at least three documented instances of failures to appear in different jurisdictions, and, as observed by the Magistrate Judge at the detention hearing in May, Defendant had nearly yearly interaction with law enforcement in St. Louis County, including multiple DWIs, going back to 2007. Also, at the detention hearing in May, as observed by the Magistrate Judge, the Government submitted information about the weight of the evidence against Defendant, which included text messages with his co-defendant, witness statements, including those of the fifteen-year-old victim, along with her picture found on Defendant's phone, and Defendant's own statements.

However, the Court does acknowledge that the Magistrate Judge, in his order at page four, noted that because Defendant's criminal history contained only misdemeanor convictions, the decision to detain Defendant was a close call.

Defendant continues to argue for release, asserting that there are a combination of conditions that can assure Defendant's appearance in court and protect the public's safety, given the fact that Defendant has an apartment in Duluth and can be subject to strict pretrial electronic monitoring. The Court has also had the opportunity to review the transcript of the arraignment and detention hearing held on March 12, 2018. As the parties are aware, a magistrate judge's detention order is subject to *de novo* review by the district court judge. *United States v. Maull*, 773 F.2d 1479 (8th Cir. 1985).

Pursuant to Rule 46(b) of the Federal Rules of Criminal Procedure and 18 U.S.C. § 3142, the Court considered the following factors in assessing the continued detention of Defendant:

(1) the nature and circumstances of the offense charged, including whether the offense involves . . . a minor victim;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

　　(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

　　(B) whether, at the time of the current offense or arrest, the person was on probation . . . .

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

Pretrial detention may be ordered either upon a clear and convincing showing that release would result in a danger to the community or upon a showing by a preponderance of the

3

evidence that the release will result in a serious risk of flight. *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986). Additionally, if a court "finds that there is probable cause to believe that the person committed an offense under chapter 77 of [Title 18] for which a maximum term of imprisonment of 20 years or more is prescribed," then the court employs a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C § 3142(e)(3)(D).

Based upon all of the facts and circumstances before this Court, including the entire record the Court has reviewed, the Court concludes that there is no condition or combination of conditions that will reasonably assure the appearance of Defendant as required or reasonably assure the safety of any other person in the community. 18 U.S.C. § 3142(a)(3)(D). This decision of the Court is based upon its *de novo* review of the entire record before the Court.

## CONCLUSION

Based upon the presentations and submissions of the parties, the Court having carefully reviewed the entire record in this matter, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

# ORDER

Defendant Amos Kiprop Koech's Appeal and Motion for Revocation of Detention Order (Doc. No. [103]) is respectfully **DENIED**.

Dated: September 5, 2018            s/Donovan W. Frank
                                    DONOVAN W. FRANK
                                    United States District Judge