UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 18-18(2) (DWF/LIB) |
| | ) | |
| v.                             Plaintiff, | ) | |
| | ) | **DEFENDANT'S SENTENCING** |
| AMOS KIPROP KOECH, | ) | **POSITION PAPER** |
| | ) | |
| Defendant. | ) | |

# INTRODUCTION

On January 22, 2019, Mr. Koech was convicted of one-count of conspiracy to commit sex trafficking of a minor and one-count of sex trafficking of a minor. The court is familiar with the facts having presided over the trial: In late June, 2017, CD, a 15-year-old, and her friend ran away from the halfway house they were residing at in Duluth. CD ended up staying with co-defendant Andre Mathis, who decided to offer her for sex for money. Mathis brought CD and her friend over to acquaintance Amos Koech's apartment, where there was some discussion but no sex acts. The following Friday, Mathis began calling and texting Koech over a three-day period, during which Koech held him off, dismissing Mathis' offers (too busy, not now, not interested), and eventually Mathis brought the price down to $60. On Monday morning (June 26, 2017), Mathis walked CD over to Koech's apartment, where a discussion and exchange of $60 took place, and Koech and CD went into his bedroom, where sex was attempted but did not occur, after which CD and Mathis left the apartment. Mathis was not successful in other attempts to traffic CD. This was the only time Mathis "trafficked" CD.

1

While Mr. Koech did not testify at trial, his position in this matter was detailed in the course of his three interviews with law enforcement: he maintained that he did not pay money to have sex with CD, that he also believed she was 18, and no sex act occurred due to his medically documented problems with ED.  The jury convicted him of both counts.

The guidelines in this case are 135-168 months, and Count 2, sex trafficking of a minor, carries a mandatory minimum sentence of ten years.  During the course of these proceedings, before and during trial, Mr. Koech raised and preserved numerous objections to the charges, including challenging the constitutionality and application of the sex trafficking statute to a mere customer such as Koech, in light of its harsh mandatory ten-year sentence.  It is the defendant's position that the appropriate sentence in this case would be a sentence of time served.  However, since Mr. Koech is subject to the mandatory minimum 10 years on Count 2,  over our numerous objections, the defense requests a sentence of ten years, although that sentence far exceeds the court's overriding principle to impose a sentence that is "sufficient, but not greater than necessary" to satisfy the overall purposes of sentencing set forth at 18 U.S.C. § 3553(a).

## FACTUAL BACKGROUND

Amos Koech is 44 years old.  He was born in Kenya in 1974, and raised in a rural area.  Most of his family still resides in Kenya.  He graduated from high school in 1995, and came to the United States as a student in 1997.  He attended college in Marshall, Minnesota, for about two years, and, due in part to his problems with alcohol (there were other issues, too), he left school and moved to Des Moines, Iowa, where he lived with

some relatives and worked for an insurance company and grocery store. His drinking continued to be a problem, and he got his first (of several) DWI conviction. In 2001, he was in a serious car accident and his pelvis was crushed (the source and cause of his problems with ED), and he ended up relocating to the Burnsville, Minnesota area, where he sought better medical treatment.

As noted in the PSR, during the next few years, he struggled with medical issues from the accident, and underwent several surgeries to repair his pelvis and urethra. (PSR Pars. 61, 65). He obtained employment in medical parts assembly, and his problems with alcohol continued, and he was convicted of two more DWI's in 2004 and 2006. He also had a significant relationship with a woman during this time and his daughter was born in 2007.

In 2009, Mr. Koech took classes and obtained his nursing assistant certificate, then moved to Duluth, where he has lived and worked ever since. He has since maintained steady employment in two nursing homes, and he was working at Chris Jensen Health and Rehabilitation Center when he was arrested and detained on these charges in March, 2018. Of note, his problems with alcohol continued after he moved to Duluth, and he was convicted of his fourth and fifth DWI's in 2011 and 2017.

Mr. Koech has lived by himself for most of his life, occasionally living with relatives and for a short period of time with the mother of his daughter. For the most part, he has lived a lonely and quiet existence, working, keeping to himself, and drinking alone at home. He has always worked and supported himself, and he found his

employment nitch working as a nursing assistant in nursing homes in Duluth, taking care of elderly and disabled persons.

Mr. Koech obviously has a problem with alcohol, as demonstrated by his drinking during his first two law enforcement interviews and his five DWI's; he was working on overcoming his alcohol problems and had gone through treatment and was maintaining sobriety and was in compliance with the intense supervision repeat DWI court program he entered into October, 2017, until he was arrested on these charges in March, 2018. The court should note that the events in this case came during a period of time that Mr. Koech was drinking heavily on a daily basis, before he got yet another DWI and entered into the repeat DWI offender's program in the fall of 2017.  The comments by his friend, NT, noted in the PSR, appropriately characterize Mr. Koech and his problems with alcohol: "While drinking, the quiet and hardworking defendant made very poor decisions and associated with the wrong people….Those people took advantage of the defendant's innate generosity and impaired judgment and used him for money, alcohol, etc. Once he's drunk, he can't make right choices. He'll go along with anything."  NT further explained that when he was sober "he was a really different guy."  (PSR Par. 64.)

Mr. Koech was introduced to Mathis through a co-worker friend, (who Koech referred to as Mathis' "sister"), and she brought him over to Koech's apartment on a few occasions to drink and hang out.  Mathis and Koech were hardly close and barely knew each other, it appears that Koech was just another person that Mathis decided to approach with his foray into the prostitution business, and Koech was the only person he was able

to entice, after a weekend of goading and eventually dropping the price to $60.00 (which Mr. Koech has consistently denied was payment for sex).

As noted, Mr. Koech proceeded to trial and was convicted, and he also faces deportation and prosecution in St. Louis County on charges relating to this and another offense. Ten years imprisonment is too much time for Mr. Koech's offense, but Congress has spoken and taken judicial discretion out of the court's hands. Ten years is more than enough punishment in this case.

## SENTENCING DISCUSSION

There have been some factual objections raised and are noted in the addendum to the PSR, but there are no significant guideline issues in this case. However, the sentencing guidelines are only advisory and the guidelines are not entitled to a presumption of reasonableness. "The Guidelines are not only ***not mandatory*** on sentencing courts; **they are also not to be *presumed* reasonable**." *Nelson v. United States,* 129 S.Ct. 890, 894 (2009) (emphasis added). Even in pre-guidelines practice, the fact that the sentencing guideline calculations were determined to be arithmetically accurate, however, still did not mean that they constituted an appropriate, reasonable, and just sentence in any case. "It has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113 (1996). The Supreme Court has ruled emphatically that the guideline sentence is not to be presumed reasonable in any individual case and that the Court "must make an

**individualized assessment** based on the facts presented" in each case. *Gall v. United States*, 128 S.C. 586, 602 (2007).

In *Booker*, the United States Supreme Court held that the United States Sentencing Guidelines are advisory, and that District Courts must examine all factors set forth in 18 U.S.C. §3553(a) and impose a sentence that is "sufficient but not greater than necessary" to accomplish the goals of sentencing. *United States v. Booker*, 543 U.S. 220 (2005). The triad of 2007 Supreme Court decisions made clear that Federal Courts must determine sentences based on the facts and unique circumstances of the particular case, and that the guidelines do not enjoy a presumption of reasonableness. *Gall v. United States,* 128 S.C. 586, 602 (2007) (finding a probationary sentence, substantially outside of the guidelines, to be reasonable); *Kimbrough v. United States*, 128 S.C. 558, 570 (2007) (noting that Courts may vary from guidelines ranges based solely on policy considerations, including disagreements with the guidelines); *Rita v. United States*, 127 S.C. 2456, 2465 (2007) (holding that a District Court may consider arguments that "the Guidelines sentence itself fails properly to reflect §3553(a) considerations"). These decisions "mean that the District Court is free to make its own reasonable application of the §3553(a) factors, and to reject (after due consideration) the advice of the Guidelines." *Kimbrough*, 128 S.C. at 577 (Scalia, J., concurring). The "truly advisory" holding of these cases was made abundantly clear by Justice Stevens: "I trust that those judges who had treated the Guidelines as virtually mandatory during the post-Booker interregnum will now recognize that the **Guidelines are truly advisory."** *Rita*, 127 S.Ct. at 2474 (J. Stevens, concurring) (emphasis added).

While in practice, a District Court still must calculate the advisory Guidelines range, *Gall*, 128 S.C. at 596-97, the Court must then:

> [A]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the district judge should then consider all of the §3553(a) factors to determine whether they support the sentence requested by a party.  In so doing, [they] may not presume that the Guidelines range is reasonable.  [They] must make an **individualized assessment** based on the facts presented.

Id.  (citation and footnote omitted)(emphasis added).

Mr. Koech is a good person who has worked hard his whole life, and he has tried to stick to himself and not cause trouble.  He did not go out seeking CD, and he is embarrassed and ashamed for what happened.  This event does not characterize him as a person, and he has never done anything more than a few brief jail stints as result of his DWI's.  This is already by far his longest term of imprisonment, and now he is facing imprisonment for most of the next decade of his life.   It is a waste of a person and a waste of resources. The ten-year mandatory minimum is the statutorily required sentence for Mr. Koech, and anything beyond that is simply overkill.  Moreover, a sentence of ten years is more than sufficient to satisfy the need for deterrence, to protect the public, and promote respect for the law, while taking into account Mr. Koech's individual circumstances.  Ten years is thus our reluctant request.

8

Dated:   July 8, 2019                                     Respectfully submitted,

*s/ Douglas Olson*

Douglas Olson
Attorney ID No.  169067
Attorney for Defendant
107 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

8